# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-0778V
### Filed: November 21, 2018
UNPUBLISHED

---

CONSTANCE J. SABINS,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Processing Unit (SPU);
Attorneys' Fees and Costs

---

*Nancy Routh Meyers, Ward Black Law, Greensboro, NC, for petitioner.*
*Amy Paula Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On June 12, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury resulting from vaccine administration ("SIRVA"), bursitis, and tendinopathy as a result of a tetanus and diphtheria toxoids ("Td") vaccination received on October 2, 2016. Petition at 1. On October 11, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 41.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 26, 2018, petitioner filed a motion for attorneys' fees and costs.  ECF No. 44.   Petitioner requests attorneys' fees in the amount of $10,294.20 and attorneys' costs in the amount of $423.25.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 44-2.  Thus, the total amount requested is $10,717.45

On November 9, 2018, respondent filed a response to petitioner's motion.  ECF No. 46.   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On November 9, 2018, petitioner filed a reply, stating that "Petitioner concurs with Respondent's recommendation that Chief Special Master Dorsey exercise her discretion and determine a reasonable award for attorney fees in this case." ECF No. 47, at 1.

The undersigned has reviewed the billing records submitted with petitioner's request.  The undersigned finds that the request for attorney fees be reduced for the reason listed below.

## I.    Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel

"should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.   Discussion

### A.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 2.49 hours was billed by Ms. Meyers and the paralegal on tasks considered administrative including receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents. Examples of these entries include[3]:

- February 16, 2017 (0.20 hrs) "Receipt of Retainer and Medical Records Authorization; scanned to file; saved to file"
- March 16, 2017 (0.10 hrs) "Copied on email from legal assistant to the client, re: record requests"
- May 18, 2017 (0.40 hrs) "Receipt of invoice from Ortho Carolina, for $10. TC to Ortho Carolina to pay the invoice over the phone with CC. Receipt of MR from Ortho Carolina"
- June 12, 2017 (0.20 hrs) "Receipt of electronic notice of filing from the Court re; Petition filed. Reviewed and downloaded the Court stamped Document. Saved the document to the file"
- August 14, 2017 (0.30 hrs) "Receipt of check #34409 from accounting for MR from OrthoCarolina. Scanned and saved the check to the client's file. Mailed check to the client's file. Mailed check to Ortho Carolina"
- September 27, 2017 (0.10 hrs) "Receipt of Court's Notice re Statement of Completion"

ECF No. 44-1 at 6, 10, 19, and 21-23.

Therefore, the undersigned reduces the request for attorney's costs by $422.55.[4]

---

[3] These are merely examples and this list is not exhaustive.

[4] This amount consists of (2.19 hrs x $145 per hour = $317.55) + (0.3 hrs x $350 per hour = $105) = $422.55.

3

B. Duplicative Entries

In review of the billing entries submitted there are three entries that appear to have be duplicative. The entries are:

- March 5, 2018 (0.10 hrs) "Receipt of Court Order for case; Status Report due 4/8".
- July 1, 2018 (0.10 hrs) "Receipt of Court notice re – Activity in Case 1:17-vv-0078-UNJ SABINS v. SECRETARY OF HEALTH AND HUMAN SERVICES Scheduling Order"
- July 1, 2018 (0.10 hrs) "Receipt of Court notice re – Activity in Case 1:17-vv-0078-UNJ SABINS v. SECRETARY OF HEALTH AND HUMAN SERVICES Status Report."

ECF No. 44-1 at 12 and 25.

Therefore the undersigned shall reduce the request for attorneys' fees by $64.00, the total amount of the duplicated entries.

## III.    Attorney Costs

Petitioner requests reimbursement for costs incurred in the amount of $423.25. ECF No. 44 at 1.  After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount of costs sought.

## IV.    Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS-IN-PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $10,230.90[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Nancy Routh Meyers.**

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.